UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HOWARD R. KILLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:13-CV-529-TWP-CCS |
| | ) |
| USF HOLLAND, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are the following motions: Defendants' Motion to Compel [Doc. 39], Plaintiff's First Motion to Amend Scheduling Order [Doc. 44], Plaintiff's First Motion to Compel [Doc. 45], Plaintiff's Motion to Amend Complaint [Doc. 47], and Plaintiff's Motion to Strike [Doc. 55]. The parties have fully briefed the issues presented therein, and on September 22, 2015, the parties appeared before the Court to present oral argument relating to these motions. The Court provided its rulings from the bench as memorialized below.

**I.     Defendant's Motion to Compel [Doc. 39]**

Defendants' motion requests that Plaintiff produce for forensic inspection any desktop, laptop, tablet, or other computer used by Plaintiff's decedent, Matthew Killen. [Doc. 39]. In their brief in support [Doc. 42], Defendants argue that the discovery produced thus far suggests that the decedent had a history of depression as well as suicidal and delusional thoughts. During the hearing, defense counsel stated that it was their theory that the decedent intentionally put himself in harm's way by stepping out in front of the tractor trailer driven by Defendant Hilliard. Defendants argue that their discovery request would provide insight into the decedent's mental

state leading up to the accident. Defense counsel specifically requested that they be permitted to search the activity on decedent's computers for the six months leading up to the decedent's death.

Plaintiff objects [Doc. 43] to the request and argues that Defendants are falsely painting a picture that the accident was intentionally caused by the decedent. At the hearing, Plaintiff's counsel characterized Defendants' request as a "fishing expedition" because the only evidence suggesting that the decedent was suicidal is a single medical record from 2009, three years preceding the decedent's death, which simply states that the decedent had had suicidal thoughts in the past but asserted no intention of actually harming himself.

The Court finds that the appropriate means to determine whether the decedent's computers contain any relevant information that is discoverable by Defendants is for Plaintiff to undertake an inspection of the computer activity conducted by the decedent. Accordingly, Defendant's Motion to Compel [**Doc. 39**] is **GRANTED IN PART** and **DENIED IN PART** as follows. Plaintiff's counsel, or a consultant hired by counsel, shall conduct a search of all activity conducted on the decedent's computers between June 7, 2012 and September 7, 2012. Should any of the activity on the computers be related to do death, suicide, or other notions of harming oneself, Plaintiff is instructed to turn that information over to Defendants. Plaintiff shall have up to and including **October 9, 2015** to conduct the search and disclosure the results, if any, to Defendants. Should Plaintiff have any difficulty meeting the foregoing deadline, the parties are instructed to inform the undersigned so that the deadline may be amended accordingly. Likewise, should Defendants be unsatisfied with the results or information produced, they may seek relief by filing an appropriate motion with the Court.

## II. Plaintiff's Motion to Amend Scheduling Order [Doc. 44]

In his motion, Plaintiff requests that the deadline for disclosing his expert witnesses be extended from July 17, 2015, to September 17, 2015.[1] [Doc. 44]. Plaintiff's counsel attested [Doc. 44-1] that although consulting engineering expert, Dr. Rolin F. Barrett, Jr., was retained by August 2013, Dr. Barrett was unable to issue a timely report until he was permitted by Defendants to inspect the tractor trailer that struck the decedent. An inspection of the tractor trailer was not made available until August 26, 2015, after Plaintiff made a formal written request on July 17, 2015. Dr. Barrett's report was made available to Defendants shortly thereafter on September 17, 2015. Dr. Barrett attested [Doc. 44-2] that absent inspection of the tractor trailer involved in the accident, several of his conclusions regarding the accident would have required speculation. The motion also seeks permission to depose Chris Ashford, a former employee of Defendant Holland, who was responsible for safety at the time of the accident. Plaintiff explains that Mr. Ashford's identify and knowledge of the accident, which was not disclosed by Defendants, was only learned on July 1, 2015, after other Holland employees were deposed.

Defendants respond [Doc. 54] that Plaintiff fails to show good cause or excusable neglect to justify amending the Scheduling Order. Specifically, Defendants argue that Plaintiff's early retention of Dr. Barrett demonstrates that Plaintiff understood the need to utilize expert testimony in this case, and that during the July 1, 2015 depositions of Defendant Holland's employees, Plaintiff's counsel is on record stating that further discovery would be needed before Dr. Barrett could issue his report. Defendants assert the despite Plaintiff's knowledge that he would not be able to meet his expert disclosure deadline, Plaintiff unexplainably waited 45 days

---

[1] In his motion, Plaintiff states that the deadline for making expert disclosures was August 17, 2015. [Doc. 44 at 1]. During the hearing, however, Plaintiff agreed with Defendants' assertion that the deadline actually expired on July 17, 2015. [See Doc. 54 at 1 n.1].

3

after the deadline to request an extension. Defendants additionally contend that amending the Scheduling Order would be prejudicial in that Plaintiff will have been given the opportunity to rely upon Defendants' experts in shaping his trial strategy, while depriving Defendants of this right.

During the hearing, in response to the Court's line of questioning as to why Plaintiff waited so long to inspect the tractor trailer knowing that Dr. Barrett's report necessitated inspection, counsel for Plaintiff explained that he had made two prior oral requests during depositions held in October 2014 and March 2015. It was during the last set of deposition that occurred on July 1, 2015, that Plaintiff made a third oral request in which defense counsel stated that a formal request in writing would be needed before an inspection could take place. Thereafter, Plaintiff's July 17, 2015 written request was made.

The Court recognizes that it is well within its discretion to deny the Plaintiff's untimely motion given a strict reading of Federal Rule of Civil Procedure 16(b)(4). However, the Court finds that both parties carry some fault in this matter. Specifically, Plaintiff has failed to articulate good reason for not seeking a timely extension despite knowing well in advance that such an extension would be needed. Defendants, however, knew as early as October 2014 that Plaintiff's expert needed to inspect the truck but offered no cooperation until Plaintiff was forced to make a formal request in writing on July 17, 2015.

Therefore, rather than passing the blame and determining which party is more at fault for causing the delay, the Court finds that Defendants, who are in possession of Plaintiff's expert disclosures, will not be prejudiced by extending the disclosure deadline to September 17, 2015. To be sure, Defendants shall have 30 days from the date of the hearing to depose Dr. Barrett. Plaintiff, should he choose, shall have up to 14 days thereafter to depose Defendants' expert

4

witness. Moreover, a Daubert hearing shall be scheduled before the undersigned on November 5, 2015 at 9:30 a.m. at which time the Court will hear argument on Defendants' Motion and Amended Motion for a Daubert Hearing [Docs. 51 and 52].[2]

As to Plaintiff's request to depose Mr. Ashford, Defendants stated during the hearing that they had no objection to the request. Therefore, the Court finds, and the parties agree, that Mr. Ashford shall be deposed at an agreeable time among the parties.

Accordingly, the Court finds Plaintiff's Motion to Amend Scheduling Order [**Doc. 44**] is well-taken and the same is **GRANTED**.

### III. Plaintiff's First Motion to Compel [Doc. 45]

Next, Plaintiff requests that Defendants identify and make available for a discovery deposition: (1) those person at USF Holland's central dispatch on September 7, 2012, at or about 2:30-2:40 a.m., who answered telephone calls from or made calls to Defendant Hilliard, and (2) the USF Holland driver that was traveling in front of Defendant Hilliard at the time of the accident.

Defendants respond [Doc. 53] that the identity of the central dispatch employee who spoke with Defendant Hilliard shortly after the accident, Terry Lawrence, was disclosed by deposition on July 1, 2015 and through Defendants' written discovery responses which were served upon Plaintiff prior to the filing of the instant motion. During the hearing, defense counsel stated that they had no objection to making Mr. Lawrence available for deposition. As to the identity of the driver that was traveling ahead of Defendant Hilliard at the time of the accident, Defendants submit they have made, and continue to make, efforts to identify this individual but have had no such luck as there is no method or equipment employed by Defendant Holland that allows them to pinpoint a driver's exact location at any given time.

---

[2] The Court will address more fully the Defendants' request for a Daubert hearing by separate order.

5

Case 3:13-cv-00529-TWP-CCS   Document 61   Filed 09/24/15   Page 5 of 7   PageID #: 485

Given that the accident happened in the early morning hour of 2:09 a.m. when there are typically few drivers on the road, coupled with the fact that Defendants have had almost three years to identify the driver or at least potential drivers that were in the general area by reviewing travel logs submitted by their drivers, the Court finds that the Defendants' efforts have been minimal at best. During the hearing, Plaintiff's counsel suggested that they be given one more week to try and identify the Holland driver believed to have traveled immediately in front of Defendant Hilliard.

As to the first issued raised by Plaintiff, the Court finds that Defendants shall make Mr. Lawrence available for deposition on or before **October 2, 2015**. With regard to the second issue raised, the Court finds that Defendants have until **October 6, 2015** to locate the driver that was traveling ahead of Defendant Hilliard at the time of the accident. To the extent that Defendants are unable to positively identify said driver, Defendants shall provide by that same date the names and contact information of all Holland drivers believed to be traveling Westbound on Interstate 40 between Bristol and Knoxville, Tennessee, and Newport and Knoxville, Tennessee, on September 7, 2012, two (2) hours before and after the time of the accident.

Therefore, the Court finds Plaintiff's First Motion to Compel [**Doc. 45**] to be well-taken and the same is **GRANTED**.

IV.     **Plaintiff's Motion to Amend Complaint [Doc. 47] and Motion to Strike [Doc. 55]**

Finally, during the motion hearing, Plaintiff made an oral motion to withdraw his Motion to Amend Complaint [Doc. 47] and Motion to Strike [Doc. 55], citing that he became aware of certain information subsequent to filing each motion, rendering the motions moot. Defendants had no objection to Plaintiff's request to withdraw. Accordingly, the Court finds Plaintiff's **oral**

6

**motion** to be well-taken, the same is **GRANTED**, and Plaintiff's Motion to Amend Complaint [**Doc. 47**] and Motion to Strike [**Doc. 55**] are **WITHDRAWN**.

V.  **Conclusion**

Accordingly, it is **ORDERED**:

(1) Defendant's Motion to Compel [**Doc. 39**] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff shall have until **October 9, 2015** to conduct a search of decedent's computers, as set forth more fully herein, and disclosure the results to Defendants;

(2) Plaintiff's Motion to Amend Scheduling Order [**Doc. 44**] is **GRANTED**. Plaintiff's expert disclosure deadline is extended to **September 17, 2015**, and Plaintiff shall depose Mr. Ashford at an agreeable time among the parties. Moreover, Defendants have 30 days from the date of the hearing to depose Dr. Barrett, and Plaintiff, should he choose, shall have up to 14 days thereafter to depose Defendants' expert witness;

(3) Plaintiff's First Motion to Compel [**Doc. 45**] is **GRANTED**. Mr. Lawrence shall be deposed on or before **October 2, 2015**, and Defendants shall have until **October 6, 2015** to locate the driver that was traveling in front of Defendant Hilliard or, if such information is unavailable, provide the identity of all other Holland drivers in the vicinity as set forth more fully herein;

(4) Plaintiff's **oral motion** to withdraw his Motion to Amend Complaint [Doc. 47] and Motion to Strike [Doc. 55] is **GRANTED**; and

(5) Plaintiff's Motion to Amend Complaint [**Doc. 47**] and Motion to Strike [**Doc. 55**] are **WITHDRAWN**.

**IT IS SO ORDERED**.

ENTER:

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge