UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HOWARD R. KILLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-529-TWP-CCS |
| | ) | |
| USF HOLLAND, INC., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 12-03.

The parties appeared before the Court on October 9, 2015, for a motion hearing on Plaintiff's Renewed Motion to Amend Complaint [Doc. 63],[1] filed on October 2, 2015, and to address a number of discovery matters that remained unresolved in this case. Attorneys Timothy Priest, who was present, and Andrew Jacobs, who participated by phone, represented the Plaintiff, and Attorney Jessie Fontenot was present representing the Defendants.

In his Renewed Motion to Amend Complaint [Doc. 63], Plaintiff seeks to add to his Complaint an allegation the Defendants violated Tenn. Code Ann. § 55-9-406 in that the headlights of the truck driven by Defendant Hillard "were not sufficient to render clearly discernibly a person two hundred feet ahead as required by" the statute. While the deadline for filing the instant motion was July 17, 2015 [Doc. 29 at 5], Plaintiff explains that his reconstruction expert, Dr. Rolin F. Barrett, Jr., was not allowed to inspect the truck until August

---

[1] Plaintiff originally filed a Motion to Amend Complaint [Doc. 47] on September 4, 2015. During a September 22, 2015 motion hearing before the undersigned, Plaintiff made an oral motion to withdraw the motion, which the Court granted. [Doc. 61]. During the October 9, 2015 hearing, Plaintiff explained he acted too hastily in withdrawing the motion and moved to renew his original motion to amend.

25, 2015, at which time Dr. Barrett was able to inspect the truck's headlights and opine that the lights did not satisfy the requirements of § 55-9-406.

Defendants respond [Doc. 65] by renewing their opposition set forth in their original response [Doc. 58]. Specifically, Defendants argue that Plaintiff fails to show good cause to justify amending the Scheduling Order's deadline for amending pleadings because Plaintiff was not diligent in his attempt to inspect the truck and instead waited until July 17, 2015 to make a formal request for inspection. [Id. at 2-3]. In addition, Defendants submit that the proposed amendment to the Complaint would be futile because the headlights in the truck which Dr. Barrett inspected were not the same headlights that were in the truck at the time of the September 7, 2012 accident, as evidenced by maintenance records. [Docs. 58 at 3-4; 58-2]. Moreover, Defendants point out that the Tennessee Highway Patrol also conducted their own inspection of the truck and no problems with the headlights were noted. [Doc. 58 at 4; 58-3]. In their second response, Defendants argue that the motion to amend is also futile because Defendant USF Holland requires its vendors to confirm that the headlights are properly aligned when they are replaced. [Docs. 65 at 1-2; 65-1 at 2].

During the October 9 hearing, Plaintiff argued that the maintenance records submitted by Defendants, which demonstrate that the headlights were changed twice prior to Dr. Barrett's inspection, do not confirm or demonstrate that the alignment of the headlights were checked or adjusted nor that the headlight assembly was changed, but only the bulbs. Defendants contended that the vendors who change the headlights are required to check and adjust the alignment of the headlights, if needed, and furthered argued that Plaintiff has no way of proving the direction or brightness of the headlights at the time of the accident. Plaintiff, however, maintains that Dr.

2

Barrett has a method for demonstrating the inadequacies of the headlights at the time of the accident.

Rule 15(a)(2) provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). Futility is "simply defined as an amendment to the complaint that would not survive a Rule 12(b) motion to dismiss." 500 Associates, Inc. v. Vermont Am. Corp., 496 Fed. App'x 589, 593 (6th Cir. Aug. 27, 2012).

The Court has considered the Defendants' argument that Plaintiff's motion is untimely but finds that Plaintiff has not acted in bad faith or with the intent to cause undue delay. As memorialized in the Court's prior order [Doc. 61 at 3-4], Plaintiff made two earlier requests to inspect the truck prior to his July 17, 2015 written request, but Defendants failed to cooperate in any manner until Plaintiff made his formal request in writing on July 17. Thus, while Plaintiff's motion to amend may have been filed late, Defendants are not in the position to argue the timeliness of the motion as they had notice well in advance of July 17, 2015 that Plaintiff's expert needed to inspect the truck. Accordingly, the Court cannot find that the Plaintiff's motion should be denied based upon the allegation that Plaintiff has failed to show good cause for extending the deadline to amend his Complaint.

The Court has also considered Defendants' futile argument and finds that the proposed amendment could survive a Rule 12(b) motion to dismiss. The parties disagree as to what the

proof demonstrates in regard to the alignment of the headlights in the truck that struck the decedent. The maintenance records fail to confirm Defendants' position that the alignment of the headlights was checked and were in proper working order. Defendants can only proffer that the venders are supposed to check the headlights. Moreover, if Dr. Barrett cannot offer a valid basis for his opinion as to the direction and brightness of the headlights at the time of the accident, the Court can then rule that the testimony is not relevant. The Court, however, must first be able to hear from Dr. Barrett on the matter before making such a finding. Thus, the Court is unable to find at this time that the proposed amendment is futile.

Accordingly, the Court finds that Plaintiff's Renewed Motion to Amend Complaint [**Doc. 63**] is well-taken and **GRANTED**. Plaintiff **SHALL FILE** his proposed, amended Complaint [Doc. 63–1] as his operative pleading in CM/ECF on or before **October 16, 2015**.

As to the remaining discovery issues in this case that were discussed during the October 9 hearing, the Court ordered, and the parties agreed, to the following:

1. Plaintiff's consultant shall run an additional search on the decedent's computer using the following search terms: "depression," "depressed," "without hope," "no hope," "hopeless," and "stress." Once the search is completed, the parties are to contact chambers to schedule a status conference regarding which party should incur the cost of this discovery.

2. Plaintiff shall depose Terry Lawrence and Chris Ashford by phone on **October 13, 2015**.

3. Plaintiff shall depose Roger Ramey, Michael Carlisle, and Mr. Sistrunk at a time agreeable by the parties. Prior to the time of depositions, Defendants shall

4

Case 3:13-cv-00529-TWP-CCS   Document 68   Filed 10/15/15   Page 4 of 5   PageID #: 557

provide to Plaintiff the travel log of each driver for the **24 hour period** before and after the time of the accident at issue in this case.

4. Defendants shall depose Plaintiff's expert witness, Dr. Barrett, on **October 21, 2015** at defense counsel's office in Raleigh, NC. Plaintiff is to provide subpoenaed documents by **noon on October 16, 2015**.

5. Plaintiff shall depose Defendants' expert witness, Michael Sutton, on **November 9, 2015** in Raleigh, NC. Defendants shall provide subpoenaed documents by **noon on October 16, 2015**.

6. The <u>Daubert</u> hearing originally scheduled in this matter for November 5, 2015, is reset to **November 20, 2015 at 9:30 a.m.** Briefs are due on or before **November 16, 2015**, and responses are due no later than **November 19, 2015**.

7. The parties shall work in good faith in scheduling the depositions of the venders who changed the headlights in Defendant Hillard's truck should the parties decide such depositions are necessary.

**IT IS SO ORDERED**.

ENTER:

   <u>s/ C. Clifford Shirley, Jr.</u>
United States Magistrate Judge

5

Case 3:13-cv-00529-TWP-CCS   Document 68   Filed 10/15/15   Page 5 of 5   PageID #: 558